CV11 - 4536

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DOVI LOWENBEIN AND BASHIE LOWENBEIN
on behalf of themselves and all others similarly situated

                Plaintiffs,

-against-

LTD FINANCIAL SERVICES, L.P.

                Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 19 2011 ★
BROOKLYN OFFICE

ROSS, J.

BLOOM, M.J.

SUMMONS ISSUED

## COMPLAINT

### *Introduction*

1. Plaintiffs Dovi Lowenbein and Bashie Lowenbein seek redress for the illegal practices of LTD Financial Services, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act

### *Parties*

2. Plaintiffs are citizens of the State of New York who resides within this District.

3. Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed concerning a credit card.

4. Upon information and belief, defendant is a Texas corporation with a principal place of business located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Dovi Lowenbein and Bashie Lowenbein*

9. On information and belief, on a date better known by defendant, defendant began to attempt to collect consumer debts from the plaintiffs.

10. Upon information and belief, defendant sent the plaintiffs collection letters seeking to collect on a purported personal debt.

11. On or about 12/20/2010 12/03/2010 11/30/2010 11/29/2010 11/24/2010 11/23/2010 11/19/2010 11/18/2010 11/11/2010 11/08/2010 11/05/2010 collection representatives left messages for plaintiff Dovi Lowenbein.

12. It is unclear whether the messages were pre-recorded message or not or whether they were pre-scripted.

13. The message failed to state that the message was from a debt collector or concerning a debt.

14. On or about 09/22/2010, 11/19/10 collection representatives left message for plaintiff Bashie Lowenbein.

15. It is unclear whether the messages were pre-recorded message or not or whether it was pre-scripted.

16. The message failed to state that the message was from a debt collector or concerning a debt.

17. Defendant caused plaintiffs to incur charges for defendant's collection communications when plaintiffs had no reason to know the communication's purpose.

18. Defendant was prohibited from placing a call that will cause a charge to plaintiffs without having notified plaintiffs to expect it and without having announced its collection purpose.

19. Defendant called plaintiffs' wireless phone numbers and plaintiffs were charged a toll on all those incoming calls. Plaintiffs were not alerted to the calls beforehand.

20. The plaintiffs had been contacted over time about seventy-eight (78) times.

21. The repeated amount of telephone calls caused the plaintiff to suffer emotional distress damages due to the frequency and number of calls.

22. On or about November 4, 2010, the defendant left for plaintiff Dovi Lowenbein on a neighbor's voicemail.

23. On or about December 27, 2010, defendant left a message on plaintiff Dovi Lowenbein's voicemail which was overheard by plaintiff Dovi Lowenbein's uncle.

24. On or about September 29, 2010, defendant left a message for the plaintiff Bashie

Lowenbein on her mother's telephone concerning a debt.

25. The plaintiffs suffered distress over the defendant's collection practices targeted at them.

26. The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c, 1692d(6), 1692e(11), 1692e(10) and 1692f for failing to disclose it was calling concerning the collection of a debt which is considered a deceptive practices, for improperly causing the plaintiffs to incur charges and for improper third party disclosures.

27. The defendant's actions violate the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff is entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiffs*

25. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-9 as if set forth fully in this Cause of Action.

26. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating seventy-eight (78) telephone calls to the plaintiffs wireless telephone numbers using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiffs to leave such messages.

27. Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant.

28. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs did not consent to the use of the wireless telephone number at issue.

29. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

30. Plaintiffs assert that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

31. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless

of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

## *Violations of the Telephone Communications Privacy Act*

32. The actions of the defendant violate the TCPA.

33. Because the defendant intentionally violated the TCPA, the plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September __, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411Plaintiff

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein