UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
DOVI LOWENBEIN, BASHIE LOWENBEIN
AND SHIMON GOTLIEB
on behalf of himself and all others similarly situated

                      Plaintiffs,

                                        11 CV 4536 (WFK)

          -against-

LTD FINANCIAL SERVICES, L.P.

                      Defendant.

-----------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiffs Dovi Lowenbein, Bashie Lowenbein and Shimon Gotlieb seek redress for the illegal practices of LTD Financial Services, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.  Plaintiff Shimon Gotlieb proceeds on a classwide basis.

### *Parties*

2.     Plaintiffs are citizens of the State of New York who resides within this District.

3.     Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed concerning a credit card.

4.     Upon information and belief, defendant is a Texas corporation with a principal place of business located in Houston, Texas.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.      This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Dovi Lowenbein, Bashie Lowenbein and Shimon Gotlieb*

9.      On information and belief, on a date better known by defendant, defendant began to attempt to collect consumer debts from the plaintiffs.

10.     Upon information and belief, defendant sent the plaintiffs collection letters seeking to collect on a purported personal debt.

11.     On or about 12/20/2010 12/03/2010 11/30/2010 11/29/2010 11/24/2010 11/23/2010 11/19/2010 11/18/2010 11/11/2010 11/08/2010 11/05/2010 collection representatives left messages for plaintiff Dovi Lowenbein.

12.     It is unclear whether the messages were pre-recorded message or not or whether they were pre-scripted.

13.     The message failed to state that the message was from a debt collector or concerning a debt.

2

14.     On or about 09/22/2010, 11/19/10 collection representatives left message for plaintiff Bashie Lowenbein.

15.     It is unclear whether the messages were pre-recorded message or not or whether it was pre-scripted.

16.     The message failed to state that the message was from a debt collector or concerning a debt.

17.     Defendant caused plaintiffs to incur charges for defendant's collection communications when plaintiffs had no reason to know the communication's purpose.

18.     Defendant was prohibited from placing a call that will cause a charge to plaintiffs without having notified plaintiffs to expect it and without having announced its collection purpose.

19.     Defendant called plaintiffs' wireless phone numbers and plaintiffs were charged a toll on all those incoming calls.  Plaintiffs were not alerted to the calls beforehand.

20.     The plaintiffs had been contacted over time about seventy-eight (78) times.

21.     The repeated amount of telephone calls caused the plaintiff to suffer emotional distress damages due to the frequency and number of calls.

22.     On or about November 4, 2010, the defendant left for plaintiff Dovi Lowenbein on a neighbor's voicemail.

23.     On or about December 27, 2010, defendant left a message on plaintiff Dovi Lowenbein's voicemail which was overheard by plaintiff Dovi Lowenbein's uncle.

24.     On or about September 29, 2010, defendant left a message for the plaintiff Bashie Lowenbein on her mother's telephone concerning a debt.

25.     The plaintiffs suffered distress over the defendant's collection practices targeted

at them.

26.  The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c, 1692d(6), 1692e(11), 1692e(10) and 1692f for failing to disclose it was calling concerning the collection of a debt which is considered a deceptive practices, for improperly causing the plaintiffs to incur charges and for improper third party disclosures.

27.  The allegations for Shimon Gottlieb commence at this point in the complaint.

28.  On 11/26/2011 and 12/01/11 12/06/2011  12/07/2011, Defendant LTD telephoned the Plaintiff Gotlieb and utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (347) telephone area code.

29.  When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (347) area code.

30.  The Defendant's representatives were not located within the (347) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

31.  The Defendant's use of this machinery was deceptive in that the Defendant does not reside or have offices within the (347) area code.

32.  The defendant's actions violate 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14) 1692d, 1692d(6) and 1692f.

(See also FTC v. EMC Mortgage Corp. et. al. (USDC-EDTX –Sept. 9, 2008 ". . .in numerous instances, EMC has made collection calls using cell phones that display only

the borrower's local area code on the borrower's caller identification display ("caller ID"), and without identifying its name on the caller ID. EMC has used cell phones and caller ID in this fashion notwithstanding that EMC was not calling from the borrower's local area code. --  See also T**he 2008 FTC Workshop Report** "Debt collectors who convey false or misleading information (either telephone numbers) to consumers through Caller ID violate the FDCPA and Section 5 of the FTC Act. Prior private actions indicate that a debt collector who makes a false or misleading representation in this context violates the FDCPA. The Commission has affirmed that this practice violates both the FDCPA and Section 5.")

33.     The Defendant's automatic telephone dialer system contains a function that projects a false caller ID number onto the callee's Caller ID unit.

34.     The Defendant utilized this dialer function and projected a false caller ID number onto the Plaintiff's Caller ID display.

35.     The number projected began with a (347) area code and was projected by Defendant's dialer to give the Plaintiff the false impression that the Defendant was located physically close to the Plaintiff.

36.     Upon information and belief, defendant LTD used its Dialer to dial plaintiff's wireless phone number for each of those calls.

37.     LTD manipulated the caller ID for these calls and calls that were dialed manually.

38.     For some of the calls, LTD manipulated the caller ID so that it showed that the call was coming from New York.

39.     For each of these calls, the second line of the caller ID indicated that the calls were coming from the 347 area code, which is a local area code.

40.        Upon information and belief, LTD does not have any offices within the geographical 347 area code.

41.        Upon information and belief, LTD does not have any dialer located in New York.

42.        Many of the phone messages left failed to identify LTD, such that plaintiff did not know what entity was calling.

43.        The following is the different numbers that appeared on the plaintiff's caller ID: 347 289 5425, 347 289 5424 and 347 289 5426.

44.        During one telephone call, on 12 01 2011, a representative of LTD called plaintiff's work and spoke to plaintiff's coworker.

45.        The representative from LTD asked plaintiff's coworker David. to give a message to plaintiff that Chris, from LTD, called and to have plaintiff return the call to 866 998 2500 ext  6207.

46.        The representative from LTD also asked plaintiff's coworker to relay to plaintiff that the call is in regard to file number 15416979 .

47.        The said communication is unlawful under the FDCPA and in direct violation of Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006).

48.        Said practice is in violation of the FDCPA based upon the following case law. See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of  1692b, 1692c (b), and 1692d.

(a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc.,

998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692c(b) does

not prohibit only those third-party communications in which some information about the

debt is actually disclosed, because that reading would render § 1692b superfluous

Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED

Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court,

WD North Carolina 1998.  (All provisions of the statute must be considered and each

term must be interpreted equally, so as not to deflect from the meaning of the

statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force

and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying

any information to a third party that concerns a debt (except for the purpose of obtaining

location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION,

Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 -

Dist. Court, WD North Carolina 1998.


("`Other than to obtain location information, a debt collector may not contact third

persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are

not legitimate collection practices and result in serious invasions of privacy, as well as

the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2

(W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin.

News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006

quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North

Carolina 1998 (contact with a third party that did not involve an inquiry into Plaintiff's

location information, but rather, revealed that Plaintiff had a "business matter stated a

7

claim under § 1692c(b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

And finally  the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to:

8

concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of

the term `regarding' is consistent with the broader interpretation advocated by Plaintiff."

Id.This conclusion has been embraced by other courts as well in the context of applying §

1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument

that letter sent to employer seeking information about whether plaintiff was employed,

her wage scale, her type of employment, the full name of her employer, and if terminated,

the name of her present employer, did not violate § 1692c(b) because it did not suggest a

debt collection purpose). Thus, given the choice of language by Congress, the FDCPA

should be interpreted to cover communications that convey, directly or indirectly, any

information relating to a debt, and not just when the debt collector discloses specific

information about the particular debt being collected. Indeed, a narrow reading of the

term "communication" to exclude instances such as the present case where no specific

information about a debt is explicitly conveyed could create a significant loophole in the

FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and

other provisions of the FDCPA that have a threshold "communication" requirement,

merely by not conveying specific information about the debt. In fact, under Defendant's

interpretation of "communication," a debt collector could call regularly after the thirty-

day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as

the message did not convey specific information about the debt. Such a reading is

inconsistent with 658*658 Congress's intent to protect consumers from "serious and

widespread" debt collection abuses. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d

643 - Dist. Court, SD New York 2006 based on the reasoning in West v. Nationwide

Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.

49.     The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

50.     In addition, 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

51.     Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11).

Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009), Ramirez v. Apex Fin. Mgt., LLC,567 F. Supp. 2d 1035 (N.D. III.2008);

Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006);  Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); Joseph v. J. J. Maclntyre Cos., 281 F.Supp.2d 1156 (N.D.Cal. 2003); Leyse v. Corporate Collection Servs., 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18,2006); Stinson v. Asset Acceptance, LLC, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); Belin v. Litton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14,   2006).

52.         Misrepresentations to the recipient of a debt collection call in connection with

collection of a debt, violates numerous sections of the FDCPA, including section 1692e.

53.         Some or all of defendant's voice message for Plaintiff did not make a meaningful

disclosure of the caller's identity.

54.         Manipulating the caller ID for collection calls is a violation of 15 U.S.C. §1692e.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>

55.     Plaintiffs Dovi Lowenbein and Bashi Lowenbein restate herein paragraphs 1

through 26 as fully set forth herein and assert a claim under the FDCPA in their

individual capacity.

56.     The defendant's actions violate the Fair Debt Collection Practices Act.

57.     Because the defendant violated of the Fair Debt Collection Practices Act, the all

plaintiffs are entitled to damages in accordance with the Fair Debt Collection

Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and

against the defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15

U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing

this action; and

(c)     Any other relief that this Court deems appropriate and just under

the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

58.    Plaintiff Shimon Gotlieb restates herein paragraphs 1 through 8 and 27 through 54 as fully set forth herein and assert a claim under the FDCPA in his individual capacity and on behalf of a class.

59.    This action is brought on behalf of plaintiff and the members of three classes which plaintiff contends would be confirmed by the records of the defendant.

60.    Class A consists of all persons whom Defendant's records reflect resided in New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

61.    Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message or that an attempt was made to contact the class member where the caller ID was manipulated in a deceptive fashion from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and that plaintiff asserts that the telephone message or attempt was in violation 15 U.S.C. § 1692e and 1692e(10).

62.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages and conversations are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

63. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications

resulting in the establishment of inconsistent or varying standards for the parties

and would not be in the interest of judicial economy.

64.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a

class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

65.     Telephonic messages and conversations, such as those left by the defendant and

such as those between collectors and consumers are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

66.     The actions of the defendant violate the Fair Debt Collection Practices Act.

67.     Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with

the Fair Debt Collection Practices Act.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiffs*

68.     Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-9 as

if set forth fully in this Cause of Action.

69.     The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating seventy-eight

(78) telephone calls to the plaintiffs Dovi Lowenbein and Bashie Lowenbein's

wireless telephone numbers using an artificial and/or pre-recorded voice to deliver

messages without having the consent of the plaintiffs to leave such messages.

70.     Defendant also violated the TCPA as against plaintiff Shimon Gotlieb.

71.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant.

72.     There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs did not consent to the use of the wireless telephone number at issue.

73.     Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

74.     Plaintiffs assert that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

75.     All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law.  (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

76.     As stated above plaintiff Gotlieb also claims violations of the TCPA.

77.     Plaintiff has no relationship with LTD.

78.     The TCPA, 47 U.S.C. §227(2) and 207 of of the Communications Act of 1934
        See 47 U.S.C. 207, prohibits calling a person on their land line or wireless number
        using fake caller ID.

79.     In December 2010 Congress passed the Truth in Caller ID Act of 2009 amending
        Section 227 (TCPA) of the Communications Act of 1934 (See Pub L No 111-331
        2010 47 U.S.C 227(e) prohibition on provision of deceptive caller ID
        information).  The Truth in Caller ID Act of 2009 makes it unlawful for any
        person to transmit misleading or inaccurate caller ID information with the intent
        to defraud or deceive.  The legislation was an attempt to prevent spoofing and to
        address fraudulent phone calls, credit card fraud and identity theft and protect
        legitimate use of caller ID (See 156 Cong. Rec. H8376, H378 - Dec 15 2010)
        Under the amendment violators are subject to civil forfeiture penalties totaling up
        to $1,000,000 and criminal fines which can be combined with imprisonment (47
        U.S.C 227(e)(5), 501).

80.     The  ACA International's General Counsel has acknowledged that the Truth in
        Caller ID Act applies to third-party debt collectors, creditors, and asset buyers as
        well as any other individual who may manipulate caller ID information.  (See
        Valerie Hayes ACA s Angle New Truth in Caller ID Act Brings Important
        Changes for Companies That Call Consumers (Feb, 8, 2011).
        http://accountsrecovery.net/profiles/blogs/acas-angle-new-truth-in-caller.

81.     Although the truth in caller Id act does not explicitly provide for a private cause
        of action, a private cause of action against service providers is available to
        individuals for violations of the Act under 227(e) in conjunction with 207 of the

Communications Act of 1934  See 47 U.S.C. 207 (any person who claims to be

damaged under Chapter 5 of the Title 47, the Communications Act of 1934, may

file a complaint with either the FCC or a federal district court to pursue damages).

82.    LTD therefore violated the TCPA each time it called plaintiff using Deceptive

misleading caller ID.

### *Violations of the Telephone Communications Privacy Act*

83.    The actions of the defendant violate the TCPA.

84.    Because the defendant intentionally violated the TCPA, the plaintiffs are entitled

to damages in accordance with the TCPA namely $1500 for each call where the

defendant failed to obtain prior consent from the plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their

favor and against the defendant and award damages as follows:

       (a)  Statutory damages provided under the TCPA and injunctive relief;

       (b)  Any other relief that this Court deems appropriate and just under the

          circumstances.

### **AS AND FOR A FOURTH CAUSE OF ACTION**

*Violations of New York General Business Law § 349 brought by plaintiff in his individual capacity and on behalf of a class of similarly situated consumers*

85.    Plaintiff hereby restates, realleges, and incorporates herein by reference all

foregoing relevant paragraphs as if set forth fully in this cause of action.

86.    Under New York General Business Law § 349, deceptive acts or practices in the

conduct of any business conducted in the State of New York are unlawful.

87.    GBL § 349 provides in relevant part as follows:

A. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

H. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

88.   Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant LTD utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (347) telephone area code.

89.   When the Defendant telephoned the Plaintiff, the Plaintiffs "caller ID" unit falsely indicated that the call was originating from some place within the (347) area code.

90.   The Defendant's representatives were not located within the (347) area code when calling.

91.   The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

92.   Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year.

93.   As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

94.   The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy and acting unfairly and deceptively towards plaintiff.

95.   The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from telephoning the Plaintiff and New York consumers, and causing deceptive information to appear on the Plaintiffs caller ID unit.

96.   By unlawfully pretending that defendants were in a (347) area code when calling, Defendants have committed materially misleading unfair and deceptive consumer-oriented acts that have caused Plaintiff to suffer actual injury in the form of emotional distress.

97.   Upon information and belief, Defendants regularly utilize deceptive practices as described above in an attempt to collect consumer debts.

98.   Defendant's actions have a broad impact on New York consumers at large.

99.   As a direct and proximate result of Defendants' deceptive acts and practices, committed in willful and knowing violation of GBL §349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's deceptive collection practices.

100.   Defendant is liable to Plaintiff for violations of GBL § 349.

101.   This cause of action is brought on behalf of plaintiff and the members of a class.

102.    The Class consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message or that an attempt was made to contact the class member where the caller ID was manipulated in a deceptive fashion from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and that plaintiff asserts that the telephone message or attempt was in violation of GBL 349.

103.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephone calls, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

104.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

105.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

106.     Because the defendant violated GBL 349, the plaintiff and the members of the class are entitled to damages in accordance with the said provision.

WHEREFORE, Plaintiff Shimon Gotlieb, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

A.  Damages;

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 27, 2011

21

/s/

_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile   (516) 791-4411Plaintiff

Plaintiff requests trial by jury on all issues so triable.

/s/

_____

Adam J. Fishbein